JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

CHINHAYI J. COLEMAN (CABN 194542)
Assistant United States Attorney

   1301 Clay Street, Suite 340-S
   Oakland, CA 94612
   Telephone: (510) 637-3924
   Facsimile: (501) 637-3724
   E-Mail: chinhayi.j.coleman@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR 07-0790 CW |
|     Plaintiff, ) | PLEA AGREEMENT |
|     v. ) | |
| ENRIQUE GARCIA-GRACIANO, ) | |
|     Defendant. ) | |

    I, Enrique Garcia-Graciano, and the United States Attorney's Office for the Northern District of California (hereafter "the government") enter into this written plea agreement (the "Agreement") pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure:

The Defendant's Promises

    1.    I agree to plead guilty to the captioned Information charging me with one count of improper entry into the United States, in violation of 8 U.S.C. § 1325. I agree that the elements of the offense are as follows: (1) I knowingly and voluntarily entered the United States at a time and place other than as designated by immigration officers; and (2) I eluded examination and inspection by immigration officers. I agree that the maximum penalties are as follows:

PLEA AGREEMENT
CR 07-0790 CW

|   |    |                                    |          |
|---|----|------------------------------------|----------|
| 1 | a. | Maximum prison sentence            | 6 months |
| 2 | b. | Maximum fine                       | $5,000   |
| 3 | c. | Maximum supervised release term    | None     |
| 4 | d. | Mandatory special assessment       | $10      |
| 5 | e. | Restitution                        | None     |
| 6 | f. | Deportation                        |          |

2. I agree that I am guilty of the offense to which I will plead guilty, and I agree that the following facts are true: I am a citizen of Mexico and am not, nor have I ever been, a citizen of the United States. In or about March 2005, I knowingly and voluntarily entered the United States. When I entered the United States, I entered at a time and place other than as designated by immigration officers, and I eluded examination and inspection by immigration officers.

3. I agree to give up all rights that I would have if I chose to proceed to trial, including the rights to a trial with the assistance of an attorney; to confront and cross-examine government witnesses; to remain silent or testify; to move to suppress evidence or raise any other Fourth or Fifth Amendment claims; to any further discovery from the government; and to pursue any affirmative defenses and present evidence. I also agree to waive venue based on the charges filed in this case.

4. I agree to give up my right to appeal my conviction, the judgment, and orders of the Court. I also agree to waive any right I may have to appeal any aspect of my sentence, including any orders relating to forfeiture and/or restitution.

5. I agree not to file any collateral attack on my conviction or sentence, including a petition under 28 U.S.C. § 2255 or 28 U.S.C. § 2241, or motion under 18 U.S.C. § 3582, at any time in the future after I am sentenced, except for a claim that my constitutional right to the effective assistance of counsel was violated.

6. I agree not to ask the Court to withdraw my guilty plea at any time after it is entered, unless the Court declines to accept the sentence agreed to by the parties. I agree that the government may withdraw from this Agreement if the Court does not accept the agreed upon sentence set out below. I agree that if the Court does not accept the agreed upon sentence set out

PLEA AGREEMENT
CR 07-0790 CW                                        2

below, the statute of limitations shall be tolled from the date I signed the plea agreement until the date the Court does not accept the plea agreement.

7. I agree that pursuant to United States Sentencing Guidelines Section 1B1.9, that the Sentencing Guidelines do not apply to my sentence, as I will plead guilty to a Class B misdemeanor. As the present Agreement calls for a sentence of time served, the defendant waives a presentence report and a criminal history report.

8. I agree that a reasonable and appropriate disposition of this case is as follows:
   a. a sentence of imprisonment of time served; and
   b. a mandatory special assessment of $10.

9. I agree not to commit or attempt to commit any crimes before sentence is imposed or before I surrender to serve my sentence. I also agree not to violate the terms of my pretrial release (if any); not to intentionally provide false information to the Court, the Probation Office, Pretrial Services, or the government; and not to fail to comply with any of the other promises I have made in this Agreement. I agree that, if I fail to comply with any promises I have made in this Agreement, then the government will be released from all of its promises in this Agreement, including those set forth in paragraphs 12 through 14 below, but I will not be released from my guilty plea.

10. I agree that this Agreement contains all of the promises and agreements between the government and me, and I will not claim otherwise in the future.

11. I agree that this Agreement binds the U.S. Attorney's Office for the Northern District of California only, and does not bind any other federal, state, or local agency.

The Government's Promises

12. The government agrees to move to dismiss any open charges pending against the defendant in the captioned information, and to move to dismiss the indictment, at the time of sentencing.

13. The government agrees not to file any additional charges against the defendant that could be filed as a result of the investigation that led to the captioned indictment and information.

14. The government agrees that the reasonable and appropriate sentence in this case should be as set forth in paragraph 8 above, unless the defendant violates the Agreement as set forth in paragraphs 8 through 9 above or fails to accept responsibility.

The Defendant's Affirmations

15. I confirm that I have had adequate time to discuss this case, the evidence, and this Agreement with my attorney, and that she has provided me with all the legal advice that I requested.

16. I confirm that while I considered signing this Agreement, and at the time I signed it, I was not under the influence of any alcohol, drug, or medicine.

17. I confirm that my decision to enter a guilty plea is made knowing the charges that have been brought against me, any possible defenses, and the benefits and possible detriments of proceeding to trial. I also confirm that my decision to plead guilty is made voluntarily, and no one coerced or threatened me to enter into this Agreement.

18. I confirm that I read this entire plea agreement with the assistance of an interpreter and in the presence of my attorney.

Dated: March ___, 2008

_____
ENRIQUE GARCIA-GRACIANO
Defendant

_____
JOSEPH P. RUSSONIELLO
United States Attorney

Dated: March ___, 2008

_____
CHINHAYI J. COLEMAN
Assistant United States Attorney

I have fully explained to my client all the rights that a criminal defendant has and all the terms of this Agreement. In my opinion, my client understands all the terms of this Agreement

///
///
///

PLEA AGREEMENT
CR 07-0790 CW                                               4

and all the rights he is giving up by pleading guilty, and, based on the information now known to me, his decision to plead guilty is knowing and voluntary.

Dated: March ___, 2008

                                                                                                        JOYCE LEAVITT
Attorney for Defendant

### INTERPRETER CERTIFICATION

I, _____, hereby certify that I am a certified Spanish language interpreter and that I accurately translated this plea agreement to the defendant, he told me that he understood it, and I believe his answer was true and correct.

Dated: March ___, 2008

                                                                                                        Interpreter's signature